NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SETONDJI VIRGILE NAHUM, | No. 21-35225 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01151-DWC |
| v. | |
| LONNIE SPEAR; AMBER HODGE; HOME DEPOT USA, INC.; GEORGE M. DEREZES; JAMES P. SCOTT; CITY OF SEATTLE, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SEATTLE POLICE DEPARTMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding[**]

Submitted June 15, 2022[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Setondji Virgile Nahum appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims in connection with the filing of a police report. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Nahum's action because Nahum failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a § 1981 action, "plaintiffs must show intentional discrimination on account of race"); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements for municipal liability); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 942 (9th Cir. 2013) (explaining immunity for statements made to government entities under Wash. Rev. Code § 4.24.510; providing that it does not include a good faith requirement); *Reykdal v. Espinoza*, 473 P.3d 1221, 1224 (Wash. 2020) (setting forth elements of

a defamation claim); *Harper v. State*, 429 P.3d 1071, 1076 (Wash. 2018)

(discussing elements of a gross negligence claim)

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments raised for the first time on appeal. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**